UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Criminal Case No. 3:08-CR-00243-KI |
| | Civil Case No. 3:12-CV-01813-KI |
| Plaintiff, | |
| | OPINION AND ORDER ON |
| v. | DEFENDANT'S MOTION FOR |
| | RELIEF UNDER 28 U.S.C. § 2255 |
| **JULIUS XAVIER HEXON**, | |
| Defendant. | |

    S. Amanda Marshall
    United States Attorney
    Gary Y. Sussman
    Stacie F. Beckerman
    Assistant United States Attorneys
    1000 SW Third Ave., Suite 600
    Portland, OR 97204

        Attorneys for Plaintiff

Page 1 - OPINION AND ORDER ON DEFENDANT'S SECTION 2255 MOTION

Julius Xavier Hexon
PO Box 9000
Seagoville, TX 75159

       Defendant

KING, Judge:

Before the court is defendant Julius Xavier Hexon's motion, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence [177]. He brings the motion *pro se*. For the reasons set forth below, I deny the motion.

## BACKGROUND

Hexon was convicted by a jury of three counts of knowingly employing, using, inducing, enticing or coercing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct in violation of 18 U.S.C. § 2251(a) and (e), three counts of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b), and one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Prior to trial, I denied a motion to suppress statements and evidence after holding an evidentiary hearing.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

### DISCUSSION

There is no need for an evidentiary hearing to decide this motion since Hexon's motion is frivolous and not supported by the record.

I.    Jurisdiction

Hexon contends this court lacks subject matter jurisdiction; he references Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998), a case arising from a civil dispute. Here, of course, this court has "original jurisdiction . . . over all offenses against the laws of the United States." 18 U.S.C. § 3231. Since the United States[1] charged Hexon with violations of the laws of the United States, as alleged in the indictment,[2] this court has subject matter jurisdiction.

---

[1] In his reply to the government's response, Hexon makes a largely incoherent argument about the "United States" being a different entity from the "United States of America." The two terms refer to the same entity and are used interchangeably.

[2] In response to an argument Hexon makes, I note Congress enacted Title 18 into positive law. See Crimes and Criminal Procedure Act, 62 Stat. 683 (1948). Even if it had not, Hexon's
(continued...)

II.      <u>Sentencing Enhancement</u>

Hexon next challenges a sentencing enhancement I purportedly imposed, when I did not. Hexon is correct in his report that the Probation Office recommended a five-level enhancement under U.S.S.G. § 4B1.5 for a pattern of prohibited sexual conduct. Hexon contends he was "clearly harmed" by the inclusion of the five-level enhancement to his Total Offense Level. Hexon Mem. 7 [182]. The trouble for Hexon is that his counsel argued the enhancement should not apply, and *I agreed*. As a result, I did not apply the five-level enhancement recommended by the Probation Office. Hexon is not entitled to relief on the basis of this argument.

In his reply, Hexon cites evidence and argument related to a different enhancement, however–a four-level enhancement under U.S.S.G. § 2G2.1(b)(4) for material portraying sadistic or masochistic conduct. Hexon "Traverse" 5 [186]; <u>see also</u> Hexon Mot. 5 [177]. At sentencing, I found the government had proven by clear and convincing evidence that the victim's expressions were those of pain, over Hexon's counsel's objection, and applied a four-level enhancement. Sent. Tr. 10 [175].

If Hexon's argument is that his counsel was ineffective for failing to object to this enhancement, it fails. Defense counsel objected repeatedly. <u>See</u> PSR Addendum, Def. Obj. Ltr. 3 (objecting to the U.S.S.G. § 2G2.1(b)(4) enhancement); Def.'s Sent. Ltr.13 (same); Sent. Tr. 8-10 (same); <u>see also</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) (defendant must show deficient performance of counsel and that he was prejudiced).

---

[2](...continued)
conviction would not be affected since Congress' failure to enact a title into positive law has only evidentiary significance and "does not render the underlying enactment invalid or unenforceable." <u>Ryan v. Bilby</u>, 764 F.2d 1325, 1328 (9th Cir. 1985).

If instead Hexon challenges my decision to impose the enhancement, his argument is foreclosed by the Ninth Circuit's opinion affirming my application of the enhancement. United States v. Hexon, 419 Fed. App'x 775, 778 (9th Cir. 2011) ("The district court was within its discretion to conclude that videos depicting Hexon, an adult man, engaging in anal intercourse with KAR, a female teenager evincing pain, 'portray[] sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.1(b)(4)"); See, also, United States v. Rearden, 349 F.3d 608, 612, 615 (9th Cir. 2003) (cited in Hexon; penetration of minor female necessarily painful); United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985) (barred from using § 2255 motion to relitigate issue decided on direct appeal).

III.     Suppression Motion

Finally, Hexon contends his counsel was ineffective for failing to pursue video or audio recordings showing police read him his Miranda rights after he was placed in the back of the police car. Hexon explicitly states he "signed the card after being placed in the back of the officers [sic] automobile and the proof would be on the audio/visual recording in the car." Hexon Mem. 8. This statement is directly contradictory to Hexon's repeated testimony, during the hearing on his motion to suppress, that Officer Gould read him his Miranda rights from an advice of rights card in the motel room around 11:15 p.m. Supp. Tr. 71, 72, 85-86, 96 [130]. Since that was Hexon's testimony at the time, no counsel could have been faulted for failing to secure audio or video from the police car. See Strickland, 466 U.S. at 687 (defendant must show deficient performance of counsel).

In his reply, Hexon now argues that an audio or video recording from the patrol car would corroborate his testimony that Officer Gould did not have the advice of rights card in his pocket

Page 5 - OPINION AND ORDER ON DEFENDANT'S SECTION 2255 MOTION

and, as a result, could not have read Hexon his rights at the beginning of the interview.  Instead, according to Hexon, after about two hours of questioning, Officer Gould was surprised to see he had only a consent to search card and not a Miranda rights card.  Officer Gould asked another officer if he had any advice of rights cards in his car.  An officer Hexon had not seen before subsequently entered the room with the Miranda rights card and it was then that Officer Gould read Hexon his rights and Hexon signed the card.

The government has produced a sworn statement from Scott Hayes, Deputy Chief with the Salem Police Department, attesting that none of the Salem Police Department's cars had video recording or audio recording equipment, whether inward or outward facing, at the time of Hexon's arrest.  As a result, even if Hexon actually asked his counsel to retrieve such evidence, none would have existed.  As a result, Hexon cannot show he was prejudiced by any failure of his counsel.  Strickland, 466 U.S. at 687 (error must be "so serious as to deprive the defendant of a fair trial").[3]

///

///

---

[3]Such additional evidence, even if it existed, would affect only my alternative holding denying Hexon's Motion to Suppress.  I initially held Hexon was not in custody, thereby obviating any need for Miranda warnings.  Opinion & Order 7-11 (2008) [23].

## CONCLUSION

Hexon's motion, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence [177] is DENIED. Because Hexon has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 6th day of March, 2013.

    /s/ Garr M. King
Garr M. King
United States District Judge