SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**MIRA CHERNICK, MAB #696845**
Mira.Chernick@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:08-cr-00243-SI** |
| **v.** | **GOVERNMENT'S REVOCATION HEARING BRIEF** |
| **JULIUS XAVIER HEXON,** | |
| **Defendant.** | |

Mr. Hexon, a hands-on child sex offender who repeatedly traveled across state lines to abuse his minor victim, comes before the Court for a final hearing on his supervised release violation. Mr. Hexon was released from Bureau of Prisons custody on November 29, 2024, and was required to report in person to the probation office in the District of Oregon within 72 hours of his release. Mr. Hexon never reported, and for two years remained in abscond status with an active warrant for his arrest due to his failure to report.

Mr. Hexon is before this Court because, in May of 2026, the U.S. Probation Office in the District of Oregon received a call from the U.S. Marshals Service notifying them that Mr. Hexon had applied for a U.S. passport using a California address and a false name. Mr. Hexon was

arrested in California on May 21, 2026, when he went to pick up this passport. At the time of his arrest, Mr. Hexon had false identification on his person and documentation of a hotel reservation in Tijuana, Mexico. The false identification documents include pictures of Hexon's face under the name "Xavier Josefino Hexon" – the same false name that he had used to apply for the passport.

Mr. Hexon's serious criminal history involving the hands-on sexual abuse of children, coupled with his noncompliance with the terms of his supervision, places the community at risk. In addition to his failing to report as required, Mr. Hexon has also failed to complete sex-offense treatment and has failed to register as a sex offender—two conditions specifically aimed at ensuring the safety of the broader community. Considering Mr. Hexon's near-instant and years-long noncompliance with the most basic terms of his supervision, a sentence within the guideline range is insufficient to deter Mr. Hexon from engaging in this dangerous and noncompliant behavior. The government joins U.S. Probation in recommending the statutory maximum 36-month custodial sentence followed by reimposition of lifetime supervised release, based on the nature and circumstances of the offense and history and characteristics of the defendant; adequate deterrence to criminal conduct; and the protection of the public from further crimes of the defendant. *See* 18 U.S.C. §§ 3553(a), 3583(c).

### A. A 36-month Sentence is Appropriate to Address Mr. Hexon's Serious Breach of the Conditions of Supervision

When the district court imposes a term of supervised release, it must consider the factors set forth in 18 U.S.C. § 3553(a), which include among others: the nature and circumstances of the offense and history and characteristics of the defendant; adequate deterrence to criminal conduct; protection of the public from further crimes of the defendant; and the provision of

training, medical care, or other correctional treatment to the defendant. *See* 18 U.S.C. §§ 3553(a), 3583(c). Mr. Hexon's conduct is a Grade C violation, and he has a criminal history category of I, resulting in a guideline range of 3-9 months. Pursuant to 18 U.S.C. §3583(e)(3), the Court may impose up to a 36-month sentence because the underlying offense was a Class C felony. The government joins U.S. Probation in recommending the statutory maximum 36-month sentence to address Mr. Hexon's significant failure to adhere to the conditions of his supervision in light of the above 18 U.S.C. §3583(c) factors.

The requirement that a supervisee report, in person, to the probation office upon release from BOP custody is the most basic condition of supervised release imaginable: it requires simply that the supervisee begin to engage with supervision. It is a crucial step for all supervisees, but particularly for supervisees with a history of sex offense crimes, where supervision and monitoring are essential parts of ensuring the safety of the community during a supervisee's re-entry. That Mr. Hexon was immediately unable to adhere to this foundational tenet of supervised release indicates that he remains a danger to the community. That Mr. Hexon was willing to continue evading the requirements of supervision by obtaining travel documents under a false name—with a hotel reservation in another country—increases the likelihood that a guideline range sentence will be insufficient to deter Mr. Hexon from continued noncompliance.

Mr. Hexon may argue that a guideline-range sentence is appropriate in light of evidence that he has failed to register as a sex offender and thus may face criminal exposure for that new law violation. First, that violation is not alleged in the petition and should not be considered as part of the sentence related to the supervised release violation. Second, as Mr. Hexon was released from BOP custody in Texas and appears to have moved directly to California following

release, this district is not the proper venue for any charge related to Mr. Hexon's failure to register. While Mr. Hexon may face criminal penalties elsewhere for failing to register as a sex offender, the sentence imposed by this Court should reflect the danger to the community and need for deterrence posed by Mr. Hexon's current violation.

Mr. Hexon immediately absconded from supervision upon release; he remained in abscond status for two years and was only located as a result of an attempt to obtain a passport under a false name. This noncompliance, particularly in light of his serious criminal history, places the public at risk. The statutory maximum 36-months custodial sentence followed by reimposition of a lifetime of supervision is necessary to deter future criminal conduct and protect the community.

Dated: October 12, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Mira Chernick*
MIRA CHERNICK, MAB #696845
Assistant United States Attorney